A. L. IVEY v. STATE.
No. A-3500. Opinion Filed Sept. 1, 1920.
(191 Pac. 745.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

A. L. Ivey was convicted of the crime of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

D. S. Levy and S. A. Byers, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Astt. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, in which court the said defendant, A L. Ivey, was convicted of the crime of unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 90 days. To reverse this judgment of conviction defendant has appealed to this court. The evidence on the part of the state is to the effect that on the 10th day of May, 1918, the defendant was operating a rooming house at No. 718½ North Broadway, Oklahoma City; that about 9:30 o'clock p. m. on said day several officers of the Oklahoma City police force raided said premises, and in a plant under the floor of room No. 5 in said rooming house 12 or 14 quart bottles of whisky were found stored; that the defendant and his wife and some other parties were present in said room; that some of the officers had a conversation with the defendant, in which it was virtually admitted by the defendant that he was the owner of the whisky, and had disposed of a considerable quantity of the same that day before the officers got there. The proof is also conclusive that the defendant was in possession and control of the premises, every room of which contained a similar storage plant. The defendant denied that he was in possession of the whisky, and claimed that it must have been stored in said plant before he took possession of the premises. The plant was located under a gas stove and under a zinc mat, and was so concealed that the same was not found by the officers until a second search of the room was made. This court has examined the evidence, the instructions of the court, the judgment and sentence, and has carefully considered all the assignments of error set forth in the petition, and the conclusion is reached that the defendant had a fair and impartial trial, that the instructions are as favorable to the defendant as the evidence would warrant, and that no alleged error is presented, such as should result in a reversal of this conviction. The judgment of conviction is therefore affirmed. Mandate forthwith.